**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 11-20129

SCOTT WILLIAM SUTHERLAND, *et al.*,

    Defendants.
                                                    /

**ORDER OVERRULING "ADDICT-INFORMANT" JURY INSTRUCTION OBJECTION**

Before the court is a notice as to jury instructions, filed by Defendant Patrick Michael McKeoun on January 14, 2015 on behalf of all Defendants (Dkt. # 1185). Defendants request the inclusion of Sixth Circuit Criminal Pattern Jury Instruction 7.06B, Testimony of an Addict-Informant Under Grant of Immunity or Reduced Criminal Liability.[1] The court directed further briefing on the issue, which the government (Dkt. # 1192) and Defendants (Dkt. # 1195) filed on January 15, 2015.

Sixth Circuit Criminal Pattern Jury Instruction 7.06B would instruct the jury to consider addicts' "testimony with more caution than testimony of other witnesses." 6th Cir. Crim. PJI 706.B(2). However, there is "no per se rule requiring that an addict-informant instruction be given in all cases involving the testimony of an

---

[1] The Notice also reiterates its objection to the exclusion of certain language from Sixth Circuit Pattern Jury Instructions 1.03 and 8.04, which were requested in Dkt. # 1161. As Defendants note, these instructions have been the subject of discussions with the court both on and off the record and the court has expressed its intention to use its standard instructions. The "notice is to provide specific objections of the Defendants as to [these] jury instructions explicitly on the record for consideration." (Dkt. # 1185, Pg ID 13800.) To the extent the objections were not overruled on the record, they are overruled here. The court's standard instructions regarding reasonable doubt and deliberations are an accurate expression of the law and the court will rely upon them.

addict-informant." *United States v. Brown*, 946 F.2d 1191, 1195 (6th Cir. 1991) (*superseded by constitutional amendment on other grounds as stated in United States v. Armour*, 38 F.3d 1217 (6th Cir. 1994) (unpublished opinion)).  If "the jury kn[o]w[s] that the witnesses were drug users, evidence corroborate[s] their testimony, and the court instruct[s] the jury specifically to consider these witnesses' testimony with caution" for some other reason, such as their status as a paid informant, then an addict-informant instruction is unnecessary.  *United States v. Combs*, 369 F.3d 925, 940 (6th Cir. 2004); *see also United States v. McGhee*, 882 F.2d 1095, 1100 (6th Cir. 1989) (finding that "a comprehensive general instruction on the credibility of all witnesses and a specific instruction about the credibility of government informers . . . provided sufficient protection against the possibility of unfair prejudice").

  Such is the case here.  It is undisputed that multiple witnesses used drugs during the time periods about which they testified.  As defendants note, the record is replete with examples of witnesses admitting to their drug use.  However, defendants do not cite any uncorroborated testimony from these witnesses.  Furthermore, the court will give an instruction on "Testimony of Paid Informants and Witnesses Under Promise of Reduced Criminal Liability" based on Sixth Circuit Pattern Jury Instructions §§ 7.06A, 7.07.  *See* Dkt. # 1169-1, Pg ID 13611.  This instruction adequately warns the jury to "consider such witnesses' testimony with more caution than the testimony of other witnesses."  *Id.*  Consistent with *Combs*, this instruction, combined with ample corroboration, renders superfluous the requested addict-informant instruction.

Accordingly, IT IS ORDERED that Defendants' objection (Dkt. # 1185) is OVERRULED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  January 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 16, 2015, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

0

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-20129.SUTHERLAND.Addict.Witness.ml.wpd