UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No.    11-20129

SCOTT WILLIAM SUTHERLAND et al.,

    Defendants.
                                                /

**ORDER OVERRULING DEFENDANTS' OBJECTION TO THE GOVERNMENT'S
REQUESTED INSTRUCTION RE: COUNT 3**

The parties have raised several objections to the proposed jury instructions in this criminal matter.  Some of the objections were resolved by agreement between the parties, and others were resolved by the court in an Order Resolving Certain Objections (Dkt. # 1202), filed on January 16, 2015.  Now before the court is Defendants' Objection to the Government's Requested Instruction Re: Count 3.  (Dkt. # 1180.)  Count Three of the Third Superseding Indictment charges certain defendants with conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1).  (Dkt. # 72, Pg. ID 646.)  Defendants challenge the government's proposed jury instructions concerning Count Three on the ground that the instructions do not include quantity as an element of the offense.  (Dkt. # 1180, Pg. ID 13778.)  Pursuant to the court's request for additional briefing, the government filed a Brief in Response to Defendants' Proposed Jury Instruction on Count Three.  (Dkt. # 1201.)  For the reasons stated below, the court will overrule Defendants' objection.

The government's proposed jury instructions do not label "drug quantity" as an element of Count Three, but they do instruct the jury that, if the jury finds a defendant guilty of the charge, then it must determine the drug quantity involved in the conspiracy. (Dkt. # 1169-1, Pg. ID 13567.)  The Supreme Court has held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000)).  Pursuant to *Alleyne* and *Apprendi*, the jury must make the requisite drug quantity findings beyond a reasonable doubt in order to trigger 21 U.S.C. § 841(b)(1)'s penalty provisions. However, these precedents do not establish that drug quantity must be described to the jury as an "element" of the offense.  *See United States v. Zidell*, 323 F.3d 412 (6th Cir. 2003); *United States v. Macedo,* 406 F.3d 778, 787 (7th Cir. 2005) ("[E]ven in light of *Apprendi*, drug quantity is not an element of the offense . . . .").

In *Zidell*, the Sixth Circuit reviewed a district court's jury instructions related to a drug trafficking count which instructed the jury that "drug quantity was not an 'element' of the charged offenses, but instead had to be established 'for other purposes.'" 323 F.3d at 439.  The defendant argued that the district court "erred in failing to designate drug quantity as an 'element.'"  *Id.*  The *Zidell* court did not ultimately decide whether it was an error for the district court not to designate "drug quantity" as an element of the drug charges, but noted that it was "*considerably . . . hesitant* to pronounce this an 'error.'"  *Id.* at 429 (emphasis added).  It held that there was "no basis for overturning

2

[the] conviction or sentence" because drug quantity was "submitted to the jury, and found to be proven beyond a reasonable doubt." *Id.* at 430. The court continued:

> The only sense in which drug quantity was not treated as an element in this case, then, was in the District Court's failure to label it as such in the jury instructions. . . . [T]he District Court accorded full "elemental" treatment to the drug quantity charged in Count One of the indictment, in the only senses required by *Apprendi* and its progeny: the jury, and not the court, was assigned the duty of determining whether the Government had proven the relevant quantity, and the jury was instructed that this determination must be made beyond a reasonable doubt.

*Id.*

Consistent with *Zidell*'s "considerabl[e] . . . hesita[tion]" about requiring drug quantity to be labeled as an element in the jury instructions, the Sixth Circuit Pattern Jury Instructions, 2014 Edition, § 14.07B provides, "If you find the defendant guilty of [the drug conspiracy] charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy as a whole." This instruction does not describe drug quantity as an element of the offense; rather, it states that, once guilt is determined, the jury then must make its *Apprendi* finding regarding drug quantity. The government's proposed jury instructions concerning the jury's drug quantity determination are substantively the same as § 14.07B. (Dkt. # 1169-1, Pg. ID 13567.)

The fact that the proposed jury instructions do not *label* drug quantity as an element of Count Three is immaterial because the proposed instructions "accord[] full

3

'elemental' treatment" to the drug quantity charged in Count Three "in the only senses required by *Apprendi* and its progeny." *Zidell*, 323 F.3d at 431.  Accordingly,

IT IS ORDERED that Defendants' Objection to the Government's Requested Instruction Re: Count 3 (Dkt. # 1180) is OVERRULED.

                                                   s/Robert H. Cleland  
                                                   ROBERT H. CLELAND  
                                                   UNITED STATES DISTRICT JUDGE

Dated:  January 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 16, 2015, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner  
                                                 Case Manager and Deputy Clerk  
                                                 (313) 234-5522