UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT WILLIAM SUTHERLAND, et al.,

    Defendants.
                                                    /

Criminal No. 11-20129
Criminal No. 11-20066

## ORDER SETTING BRIEFING SCHEDULE

This matter is before the court in consultation with the parties who are preparing for the sentencing of Defendants found guilty at trial on various counts: Patrick Michael McKeoun, Jeff Garvin Smith, Paul Anthony Darrah, Cary Dale Vandiver, Vincent Witort, David Randy Drozdowski, Victor Carlos Castano, Michael Kenneth Rich (collectively, the "Trial Defendants").

On June 23, 2016, the court conducted a status conference with counsel and the probation department to discuss the sentencing process for all Trial Defendants. During the conference, the court expressed certain concerns that have arisen in this extraordinarily complex and lengthy case, and solicited views of all attorneys on how best to move forward. The court thanks the attorneys for their views and assistance. This order incorporates the process the court decided upon at the conference.

Pursuant to Federal Rule of Criminal Procedure 32, the probation department has prepared and circulated Presentence Investigation Reports ("PSIRs"), and some Trial Defendants have filed objections or controverted items while others have sought

extensions of time to so file. The government likewise has sought extensions in order to respond in an efficient manner. The court has already found good cause to exercise its discretion under Rule 32(b)(2) to grant extensions of time on which to object and/or file responses to objections.

Given the uniqueness of this case, its lengthy trials, and its overlapping issues between and among the Trial Defendants, the court has further determined that the most efficient manner to proceed is to adjust the pre-sentencing procedures. These adjustments will streamline the issues, allow the Defendants to be sentenced most fairly and efficiently, and will simultaneously protect the rights of the individual Defendants. Thus, the court imposes the following deadlines:

*First,* the parties shall brief the relevant major legal standards. At this stage, those standards have been identified, in question format, as:

1. What is the government's burden of proof when establishing relevant conduct for racketeering activities under Count One, RICO Conspiracy (e.g., does *Apprendi* require proof of racketeering activities beyond a reasonable doubt)?

2. If a defendant was convicted of Count One, RICO Conspiracy, may he be held accountable for racketeering activities which occurred during the time he was a member of the RICO enterprise, even if he did not directly participate in those activities?

As to question (2), the government has already submitted a brief and the Defendants will be ordered to submit a joint response. The response shall contain Defendants' best attempt at a consolidated response to the government's legal positions. To the extent an individual Defendant has an additional or different legal position not adequately raised in the consolidated response, such may be contained in

the concluding pages of the consolidated response, clearly identified as to which Defendant is asserting such additional or different argument. The government's presentation of these issues incorporated some specific factual arguments, but the court will be focusing solely on the legal issues presented, without applying particular facts to the questions at this juncture.

*Second,* after the court determines the outcome of the legal questions noted above, the court will turn to the factual arguments presented, and identify a process by which to apply the legal standards to the particularized facts of the case, defendant-by-defendant.

The government is preparing a document setting forth its position as to each Defendant, and which racketeering activities for which each Defendant should be held accountable. Defendants will respond to this presentation, in written and oral form, at a later date.

The court's goal in this process will be to narrow the disputed issues in the PSIRs, and provide guidance to the parties, and the probation department, in an effort to avoid the case descending into individual mini re-trials for months, or longer, while overlapping objections are raised and decided individually. It is the court's hope that this process will shorten the time necessary to achieve finality in this case, and streamline the process to completion.

Accordingly,

IT IS ORDERED that Defendants shall file their joint memorandum of law, focused on the issues identified above, and following the procedure laid out by the court by **July 22, 2016**. The government shall file a reply to this memorandum by **August 5, 2016**. After these legal issues are resolved, the court will hold a conference to determine the next stage of proceedings.

3

In the meantime, IT IS FURTHER ORDERED that **no further objections or responses to the PSIRs may be filed.**  The parties shall be afforded full opportunity to react to the PSIRs at a later date with knowledge of the legal framework within which such any such additional issues will be reviewed.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  July 7, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 7, 2016, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522