# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 11-20129-7
                                                         11-20066-5

                                                         Judge Robert H. Cleland

CARY DALE VANDIVER

    Defendant .
_____/

## ORDER SETTING SENTENCING AND DEADLINE DATES AND IMPOSING OTHER RESPONSIBILITIES

The Defendant having been convicted and referred to the Probation Department for the preparation of a Presentence Report (PSR), **IT IS ORDERED**, pursuant to the court's October 16, 2017 Order Resolving General Sentencing Issues for Trial Defendants as follows:

    1)    Sentence will be imposed at a hearing on **FEBRUARY 6, 2018** at **9:30 AM.**

    2)    On or before **November 6, 2017**, the Government shall prepare and file a chart, as described on page 9 of the court's October 16, 2017, order, detailing the racketeering activities for which it seeks to hold Defendant accountable.[1] Such chart will aid, but not bind, the Probation Department in locating and considering trial evidence in preparation of the PSR.

    3)    No response from Defendant is needed at this point, and appropriate objections will be due after the PSR is circulated.

---

[1] At the option of the government, the chart can be specific as to this Defendant or it may include all Trial Defendants.

4) On or before **DECEMBER 6, 2017**, the PSR must be submitted to counsel by the Probation Officer for review and possible objections.

5) On or before **JANUARY 4, 2018**, any PSR objection must be stated to the Probation Officer but not filed on the docket. In stating an objection, counsel must use a format substantially similar to the attached *Addendum*.[2]

6) On or before **JANUARY 18, 2018**, the proposed final form of the PSR must be delivered to the court by the Probation Department.

7) Not later than **JANUARY 25, 2018**, any request by either party for a departure or variance from the Guidelines range must be presented in the form of a motion with a supporting brief. To avoid inadvertent forfeiture of a basis for variance, each basis asserted must be plainly stated in a separate numbered paragraph or section. Specificity as to the Defendant at hand is needed; boilerplate, generic dissertations on post-*Booker* sentencing processes are not helpful.

8) Not later than **SEVEN DAYS before sentencing**, any opposition to the other party's motion for departure or variance motion must be filed.

9) A Sentencing Memorandum is optional,[3] but due **SEVEN DAYS before sentencing.**

10) **Counsel must provide a copy of any motion, opposition to a motion, and memorandum to the Probation Officer.**

11) Allocution at sentencing should not exceed fifteen minutes for Defendant's

---

[2] A purported PSR objection originating in a letter, an e-mail, a "sentencing memorandum," etc., will be rejected by the Probation Officer.

[3] A sentencing memorandum is often superfluous in light of a motion for variance, and more important in the absence of such a motion. Memoranda are ordinarily reviewed by the court in the days leading to sentencing. A sentencing memorandum is not a substitute for a motion for a departure or variance motion.

counsel, fifteen minutes for Defendant and fifteen minutes for government counsel.

        s/Robert H. Cleland        
        Robert H. Cleland
        United States District Judge

Dated: October 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2017, by electronic and/or ordinary mail.

        s/Lisa Wagner        
        Case Manager

***SAMPLE***
PRESENTENCE REPORT ADDENDUM

Defendant's name:                                    Page #:
Docket #:                                            Paragraph #:
Date:                                                Line(s) #:
Objection #:
Section I: Defendant's/Government's objection:

_____          _____
Attorney's signature                                 *I affirm the truth of every factual statement above.*
                                                     Defendant's signature

Section II: Probation officer's comments:

---

### Instructions for counsel
(Do not replicate instructions on the Addendum to be submitted)

1) Provide all objections directly to the Probation Officer, and do not file them on the docket.

2) Any objection or claim that a guideline or application note has been incorrectly applied or omitted must be accompanied by a clear explanation. Saying only that "the defendant disputes" a fact without providing an alternate explanation or reference to *specific* evidence is generally unavailing.

3) Do not use the Addendum format or the formal "objection" process to merely
   - point out a minor factual error, i.e., those that have no effect on guideline calculations nor forms the basis for a departure. Such claims may be presented to the Probation Officer by letter or memorandum.
   - argue a mechanical result or an alternate guideline calculation that depends on the resolution of a challenged factual item.
   - react to required PSR comments such as factors for possible departure. Such matters may be presented to the court in the form of a sentencing memorandum.

4) When a party has presented a material objection that has not been accepted by the Probation Officer and remains for resolution by the court, any opposition must expressed in writing whether or not the court specifically orders a response. Always

provide a copy to the Probation Officer. Responses should correspond to the numbering of the objection(s) and clearly explain the party's position in reaction to the objection.