**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      Criminal No. 11-20129
                                                                        Criminal No. 11-20066

SCOTT WILLIAM SUTHERLAND, et al.,

    Defendants.
_____/

## REVISED ORDER SETTING SENTENCING AND DEADLINE DATES AND IMPOSING OTHER RESPONSIBILITIES

The court has issued several orders directed to sentencing issues for the following Defendants in this matter, all of whom proceeded to trial and were found guilty on various counts: Patrick Michael McKeoun, Jeff Garvin Smith, Paul Anthony Darrah, Cary Dale Vandiver, Vincent John Witort, David Randy Drozdowski, Victor Carlos Castano, Michael Kenneth Rich (collectively, the "Trial Defendants").

After issuing eight orders, setting eight sentencing dates for the eight Defendants, the court's case manager received a communication from Defense Counsel Mark Satawa (counsel for Defendant Vandiver), explaining that that he had recently met with attorneys Kimberly Stout, Patricia Macaroni, Jerome Sabbota, Ryan Machasic, and Sidney Kraizman (counsel for Defendants Witort, Darrah, Smith, Drozdowski, and McKeoun respectively) to discuss "the overwhelming task of preparing objections to the presentence report," and reporting that the "scope, breath, and size of this task cannot be overstated."

Mr. Satawa further stated that all counsel present at the meeting (copied in the communication) sought a conference to discuss logistical issues of preparing for sentencing, including budget concerns, receiving additional transcripts, and a "realistic time frame for Defense responses." Of particular concern, apparently, was the desire to submit a joint defense "response" to the Government's factual position paper on predicate acts, which had been produced at the court's direction to orient the probation department.

Counsel asserted that they were all in agreement that the conference was necessary "for the defense lawyers to properly proceed, as well as promote judicial economy significantly by eliminating 6 or more defense pleadings addressing the same basic issue(s)."

The court conducted a comprehensive telephone conference, on the record, on February 23, 2018, the morning after receiving the email communication. Mr. Satawa spoke on behalf of all Defense counsel; participating in the call were counsel for the Government, representatives from the probation department, and Ms. Maceroni and Mr. Sabbota. Although they were not part of the meeting referenced by Mr. Satawa in the email, attorneys Richard Convertino and Robert Morgan (counsel for Defendants Castano and Rich) were present for the telephone conference as well; they offered no objections to or differences from the positions advanced by Mr. Satawa on behalf of Defendants.   All Trial Defense counsel, therefore, were observed to have been in agreement concerning the positions advanced by Mr. Satawa, all of which were referenced in his email communication and restated during the conference.

The court listened to the proposals advanced by Mr. Satawa, and agreed generally with his suggestion on how to reorganize the sentencings of the Trial Defendants, observing that the suggestions seemed very similar to a procedure suggested by Government counsel some time earlier. Also, the court made clear that the Government's factual position paper, called for by the court itself, had not been designed to draw a response other than in the context of reacting to factual positions advanced by the probation officers in the course of preparing presentence reports.

Regardless, there almost certainly will be contestable issues common to all Trial Defendants, perhaps perceptible in the Government's position paper, but more specifically within the individual presentence reports; considering such issues, it will clearly be more expeditious to present common arguments in a joint document. All parties appear to agree with this concept, as does the court.

Accordingly, for the reasons further stated on the record,

IT IS ORDERED that all previous deadlines set by the court for the Trial Defendants in anticipation of sentencing are SUPERCEDED by this order.

IT IS FURTHER ORDERED that the Trial Defendants, having been convicted and referred to the Probation Department for the preparation of a Presentence Report (PSR):

1) On or before **March 26, 2018**, the PSR must be submitted to counsel by the Probation Officer for review and possible objections.

2) Defense counsel shall review the PSRs and prepare a joint response to all identifiable common issues.   As stated during the February 23, 2018, telephone conference, those common issues, discussed at the conference,

are expected to be at least these:

   a. individual responsibility for the distribution of methamphetamine

   b. how membership in Devils Diciples Motorcycle Club and awareness of Club bylaws demonstrate---or fail to demonstrate---foreseeability for predicate acts, and

   c. RICO responsibility for violent crimes and how responsibility may be---or may not be---attributed to individual defendants.

3) Defense counsel are directed to collaborate in an attempt to submit joint objections and argument with respect to these and any other common issues by **April 30, 2018**

4) The Government shall submit any reply to the joint response by **May 14, 2018**.

5) The court will conduct a preliminary sentencing hearing on the joint objections in Port Huron, Michigan on **June 7, 2018 at 9:30 am**. The court has set aside three days for this hearing: **June 7, 8, and 11, 2018**, however, three days may not be needed.

6) Following the rulings on the joint issues, the court will issue briefing deadlines for any remaining individual sentencing objections and will set individual sentencing dates for the Trial Defendants. **Counsel are cautioned that the court will give abbreviated briefing deadlines for the remaining issues after the joint sentencing, so they are directed to continue preparing their briefs while the joint issues are being litigated.** Allocutions will occur at the individual sentencings.

7) Defense counsel shall consult with their clients to determine whether they wish to demand or waive personal appearance at the joint sentencing hearing in June, 2018. If any Defendant elects to waive appearance, counsel shall prepare and file a waiver to be signed by both the Defendant and the Defense Attorney.

                                                 s/Robert H. Cleland
                                                 Robert H. Cleland
                                                 United States District Judge

Dated: March 12, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2018, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner
                                                 Case Manager
                                                 (810) 292-6522