UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,          Civil Case No. 23-12972
                                       Criminal Case No. 11-20066-5
                                       Criminal Case No. 11-20129-7

v.

CARY DALE VANDIVER,          Sean F. Cox
                                       United States District Court Judge

       Defendant/Petitioner.

_____/

**OPINION & ORDER DENYING
DEFENDANT VANDIVER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

This matter is currently before the Court on Petitioner/Defendant Cary Dale Vandiver's

*pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence. The parties

have briefed the issues and the Court concludes that neither oral argument nor an evidentiary

hearing are necessary. For the reasons set forth below, the Court DENIES the motion and

DECLINES TO ISSUE a certificate of appealability.

**BACKGROUND**

In Criminal Case Number 11-20129 and Criminal Case Number 11-20066, assigned to

the Honorable Robert H. Cleland, the "federal government successfully prosecuted multiple

members of the 'Devils Diciples [sic] Motorcycle Club' (DDMC) for their role in a RICO

enterprise that trafficked large quantities of drugs (namely methamphetamine) and engaged in

numerous other illegal acts (like violent crimes, illicit gambling, thefts, and obstruction of

justice)." *United States v. Rich*, 14 F.4th 489, 491 (6th Cir. 2021). Vandiver was one of those

1

members and, following a jury trial, he was convicted of multiple counts.

In Criminal Case Number 11-20066, Judge Cleland sentenced Vandiver to serve a total term of 120 months of imprisonment.  (*See* Judgment, ECF No. 402 in Case No. 11-20066, at PageID.17776)

In Criminal Case Number 11-20129, Judge Cleland sentenced Vandiver to serve life sentences on Counts 1 and 33, and additional sentences for multiple other counts in that case, but with all counts to run concurrently with each other and with the sentence imposed by Judge Cleland in Criminal Case Number 11-20066.  (*See* Judgment, ECF No. 2337 in Case No. 11-20129).

Vandiver filed a direct appeal, that was consolidated with the appeals of several of his Co-Defendants.  In that consolidated appeal, the Defendants "raised over seventy issues on appeal."  In a published opinion issued on September 13, 2021, the United States Court of Appeals for the Sixth Circuit found all them lacking in merit and affirmed Defendants' convictions and sentences, including Vandiver's convictions and sentence.  *United States v. Rich*, 14 F.4th 489, 491 (6th Cir. 2021).

The docket reflects that Vandiver filed a petition for a writ of certiorai with the United States Supreme Court on February 2, 2022, and that it was denied on June 13, 2022.  (*See* ECF Nos. 2623 & 2633 in Case No. 11-20129).

As a result, Vandiver had one year after June 13, 2022 (*ie*., until June 13, 2023) to file any Motion to Vacate under 28 U.S.C. § 2255.

On May 16, 2023, Vandiver filed a *pro se* request for additional time to file a motion under 28 U.S.C. § 2255.  Although no § 2255 motion had been filed by Vandiver, Judge Cleland granted that request in an order issued by him on May 23, 2022.  (ECF No. 501 in Case No. 11-

2

20066 and ECF No. 2658 in Case No. 11-20129).  Judge Cleland granted Vandiver's motion to extend and ordered that Vandiver "shall file his Motion to Vacate by November 27, 2023."  (*Id.*).

On November 21, 2023, Vandiver filed a pro se *pro se* "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence" in Case No. 11-20066.  (ECF No. 519 in Case No. 11-20066).  This Court construed the motion as having been filed in both cases.  (*See* ECF No. 2716 in Case No. 11-20129).

Vandiver used a form § 2255 Motion to file his motion, that consists of fourteen pages. Vandiver did not file a supporting brief.

Beginning on page five of the form motion that Vandiver filed, its instructs the petitioner as follows:

> 12.     For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treatises of the United States. Attach additional pages if you have more than four grounds.  State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.
>
> GROUND ONE:
>
> _____
>
> _____

(ECF No. 519 at PageID.23359).  Similar sections are included for additional grounds.

In the area for "Ground One," Vandiver states "This issue is premature and based in part on petitions filed in relation to limited knowledge.  Jury instructions in matter."  (*Id.*)  As the "supporting facts" for this ground for relief, Vandiver states: "I am unable to explain in detail, as I need and is awaiting transcripts for proceedings to perfect argument in most legal capacity upon same."  (*Id.*)

In the area for "Ground Two," Vandiver states "Due to not having transcripts the ineffective claim cannot be fully articulated. (Deals with Jury Instructions)."  (ECF No. 519 at PageID.23360).  As the "supporting facts" for this ground for relief, Vandiver states" "As the proposed brief to Court of Appeals & U.S. Supreme Court, attornnies [sic] did not raise claim in manner that was supported by precedence and facts."  (*Id.*.).

In the area for "Ground Three," Vandiver states "Need documents to raise other issues." As the "supporting facts" for this ground for relief, Vandiver states: "See above for all questions as to Ground Three."  (*Id*. at PageID.23362).

The form motion has a section that states: "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion."  (*Id*. at PageID.23366).  Vandiver left that section blank.  (*Id*.).

Following Judge Cleland's retirement, this case was reassigned to the undersigned judge. This Court denied Vandiver's request for the appointment of counsel.  The Government filed its response brief on December 12, 2023.  This Court ordered that Vandiver could file a reply brief no later than January 16, 2024.  Vandiver filed a reply brief on January 18, 2024.  Thus, the matter is ripe for a decision by this Court.

**ANALYSIS**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.

4

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x 73, 76 (6th Cir. 2003).

Here, Vandiver's § 2255 Motion must be denied for several reasons.

## I.      Vandiver's § 2255 Motion Is Denied As Untimely.

First, Vandiver's § 2255 Motion is denied because it is untimely.  As the Sixth Circuit has explained:

> Under AEDPA, a prisoner has one year from the date her conviction became final to file a § 2255 petition. 28 U.S.C. § 2255(f)(1); *Reed v. United States*, 13 Fed.Appx. 311, 312 (6th Cir.2001). "As a general matter, convictions become final upon conclusion of direct review." *Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir.2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir.2002)).

*United States v. Sferrazza*, 645 F. App'x 399, 406 (6th Cir. 2016).

As Vandiver himself acknowledged in his May 16, 2023 motion, Vandiver had one year from the date his conviction became final to file a § 2255 motion.  Vandiver's conviction became final on June 13, 2022, when his Petition for petition for a writ of certiorai with the United States Supreme Court was denied.  But Vandiver did not file a § 2255 Motion within one year from that date.

5

And Judge Cleland lacked the authority to extend the time period for Vandiver to file a §
2255 Motion under the circumstances presented here.

There is a published Sixth Circuit decision holding that a district court lacks jurisdiction
to grant an extension of time to file a § 2255 before the prisoner has filed a § 2255 motion.  *See
United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016) (Answering "No" to the question of
whether a federal prisoner may "ask a court to grant him an extension of time to file a 28 U.S.C.
§ 2255 motion before he has filed the § 2255 motion."  That is because "[i]n order to create an
Article III controversy and obtain more than an advisory opinion, [the petitioner] needed to file
the § 2255 motion.").

In *Asakevich*, the Sixth Circuit explained that there are two potential "safety valves:"
First, "Some *pro se* extension motions, it is possible, may have sufficient details about the
proposed § 2255 action that a district court could fairly construe the extension motion as a §
2255 action. *See Castro v. United States*, 540 U.S. 375, 381–83, 124 S.Ct. 786, 157 L.Ed.2d 778
(2003)."  *Id*. at 424.  Second, "a failed *pro se* extension motion may provide support for the
equitable tolling of a late, but later filed, § 2255 action."  *Id.*

In *Asakevich*, the Sixth Circuit explained that the "first option is not available as there is
nothing in the extension motion that would permit it be treated as a § 2255 action."  *Id.*  The
same is true here.  Vandiver's May 16, 2023 motion does not have details about the potential §
2255 action he may file, such that it could be fairly construed as a § 2255 action.

Accordingly, under *Asakevich*, Judge Cleland lacked to authority to extend the time
limitation for Vandiver to file a § 2255 motion and his motion is untimely.

## II.     Vandiver's § 2255 Is Also Denied On The Merits.

Vandiver's § 2255 Motion also fails on the merits because Vandiver fails to set forth any factual or legal basis for relief under § 2255 in the motion that he did file.

It is well established that when a defendant files a section 2255 motion, he must set forth specific facts in his motion establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) (noting that where "the petition supplied no factual material" upon which to test the claims, "[s]uch a pleading does not call for an evidentiary hearing."); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."). Vandiver has failed to do so here, as his motion fails to set forth any factual or legal basis for relief under § 2255.

## CONCLUSION & ORDER

Accordingly, the Court **ORDERS** that Vandiver's § 2255 Motion is **DENIED.**

A certificate of appealability must issue before a petitioner such as Vandiver may appeal a district court's denial of his § 2255 Motion. **IT IS ORDERED** that this Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Vandiver's § 2255 Motion debatable or wrong.


**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 23, 2024

I hereby certify that a copy of the foregoing document was served upon counsel and/or parties of record on January 23, 2024, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager